Below is an opinion of the court.

_____
DAVID W. HERCHER
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re | Chapter 7 |
|---|---|
| **Westwind Apartments Inc.**, | Case No. 20-30302-dwh7 |
| Debtor. | MEMORANDUM DECISION OVERRULING DEBTOR'S OBJECTION TO LEASE ABANDONMENT |
| | NOT FOR PUBLICATION |

## I. Introduction

The trustee gave notice of his intent to abandon leases. Debtor objected to the notice, but did not dispute that the leases are burdensome to the estate. For the reasons that follow, I will overrule the objection.

## II. Background

Debtor, Westwind Apartments Inc., filed this chapter 7 case on January 29, 2020. On January 31, the trustee, Kenneth S. Eiler, filed a notice of his intent to abandon the estate's interest in a master lease agreement in which debtor is the lessee and all the residential leases (of

Page 1 – MEMORANDUM DECISION ON EQUITABLE-REMAND MOTIONS

the same property) in which debtor is sublessor.[1] The notice alleged that the lease interests were burdensome to the estate, debtor was in incurable default under the master lease, and the estate had "no equity" in the leases.

On February 11, debtor filed a "precautionary objection" to the notice.[2] The objection does not dispute any of the facts alleged in the notice. Instead, debtor expressed concern that abandonment of the leases would prevent the trustee from later rejecting them.[3]

Also on February 11, the trustee lodged a Motion to Reject and Abandon Executory Contracts and Order and Notice Thereon, which I signed.[4] That order authorized him, "without further order of this court, to reject and abandon the executory contract or unexpired lease listed" in the motion (the same master lease and residential subleases), subject to reconsideration upon objection file within 19 days.[5] The 19-day notice period expired on March 1 without objection.

At a hearing held on March 3 on debtor's objection to the notice, debtor's lawyer argued that abandonment of the leases would result in their reversion to debtor retroactively to the petition date, but rejection would not. Debtor's lawyer apparently was concerned that reversion as of the petition date would create problems for debtor or its principal in a pending state-court lawsuit.

The trustee agreed that abandonment would be effective as of the petition date, a result he desired, but he pointed out that the February 11 order granting the motion to reject and abandon the leases had already authorized abandonment.

---

[1] Docket item (DI) 7.
[2] DI 15 (Objection).
[3] *Id.*
[4] DI 16.
[5] *Id.* at 2.

At the hearing, I invited the parties to brief the issues of the difference between rejection and abandonment of a lease, the effective date of each, and any other issues they deemed relevant. The trustee filed a letter citing two cases that hold that abandonment is effective as of the petition date.[6]

**III. Analysis**

A trustee may, after notice and an opportunity for hearing, abandon estate property that is burdensome to the estate or that is of inconsequential value and benefit to the estate.[7] In his January 31 notice, the trustee alleged that the leases were burdensome to the estate and had "no equity," which is equivalent to saying that they were of inconsequential value and benefit to the estate.

Both parties agreed that the residential subleases are the subject of ongoing litigation, which supports the allegation that they are burdensome to the estate. Debtor does not dispute that the master and residential leases are burdensome to the estate. Moreover, the February 11 order separately authorized the trustee both to reject and to abandon the leases unless someone objected within 19 days. No one did.

Despite the parties' apparent interest in the questions of the effective date of abandonment as a matter of law and whether there is a difference between abandonment and rejection of an unexpired lease, I cannot offer an advisory opinion on those subjects. They are not relevant to the only issue before me, which is whether the statutory standard for abandonment is satisfied, and the lease counterparties are not parties to the present dispute over abandonment. I will address those other questions if and when they arise in the context of a case or controversy within my jurisdiction.

---

[6] DI 29.
[7] 11 U.S.C. § 554(a).

Debtor offered no authority suggesting that a trustee cannot abandon leases at all, that abandonment may not precede rejection, or that the burdensomeness of the leases or the inconsequentiality of their value and benefit turns on whether abandonment precedes rejection.

Because there is no dispute that the leases are burdensome and of inconsequential value to the estate, I will overrule debtor's objection.

## IV. Conclusion

I will enter an order overruling the objection and authorizing the abandonment proposed in the notice.

* * *